IN THE COURT OR CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



FILED

February 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                 )
            APPELLEE,            )
                                 )          No. 03-C-01-9603-CC-00103
                                 )
                                 )          Carter County
v.                               )
                                 )          Arden L.  Hill, Judge
                                 )
                                 )          (Sentencing)
ELIZABETH R. CAMPBELL,           )
                                 )
            APPELLANT.           )


FOR THE APPELLANT:                          FOR THE APPELLEE:

Donald E. Spurrell                          John Knox Walkup
Attorney at Law                             Attorney General & Reporter
128 East Market Street                      500 Charlotte Avenue
Johnson City, TN 37604                      Nashville, TN 37343-0497
(Trial and Appeal)
                                            Peter M. Coughlan
Stacey L. Street                            Assistant Attorney General
Attorney at Law                             450 James Robertson Parkway
630 Elk Avenue                              Nashville, TN 37243-0493
Elizabethton, TN 37643
(Trial Only)                                David E. Crockett
                                            District Attorney General
                                            Route 1, Box 99
                                            Johnson City, TN 37641

                                            Kenneth C. Baldwin
                                            Assistant District Attorney General
                                            Carter County Courthouse Annex
                                            Elizabethton, TN 37643

                                            Steven R. Finney
                                            Assistant District Attorney General
                                            Carter County Courthouse Annex
                                            Elizabethton, TN 37643


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Elizabeth R. Campbell (defendant), was convicted of criminally negligent homicide, a Class E felony, by a jury of her peers. The trial court, finding the defendant to be a standard offender, imposed a Range I sentence consisting of a $3,000 fine and confinement for one (1) year in the Department of Correction. In this court, the defendant contends the trial court should have suspended her sentence and placed her on probation or imposed some form of alternative sentence. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The defendant and Glen Campbell, the victim, were married on the date in question. The record reflects the defendant and the victim had frequent arguments. As a general rule, the arguments involved money. On numerous occasions the defendant became violent and physically attacked the victim. No one ever saw the victim retaliate. The defendant admitted to a friend the victim had never hit her.

On April 17, 1994, the defendant told several people if the victim did not obtain another job making more money she would "blow his brains out." She stated to these people the victim's salary was insufficient to pay the couple's financial obligations and she wanted a better life for herself.

The victim made arrangements to purchase a four-wheeler recreational vehicle from his employer on April 29, 1994. He took the vehicle to his father's home and began riding it. He permitted some of his friends to ride it. The defendant arrived later that afternoon. The victim and the defendant began to argue. The victim gave the defendant $150 according to one witness, and $120 according to the defendant, to pay the couple's financial obligations. While the victim was holding the couple's seven month old child, the defendant kicked the victim in the groin. Later, the victim gave someone money to purchase pizza for supper.

When the defendant and the victim reached their residence, they continued to argue. The defendant removed her clothes from the closet and threw them on the bed. She told the victim she was going to leave him. The defendant testified the victim became violent, struck her several times, and subsequently grabbed her hair and threw her on the

2

bed. He then sat on top of her and used his knees to pin the defendant's arms against the bed. The defendant told the victim she really was not going to leave and she loved him. The defendant stated the victim told her he was either going to kill her or kill himself.

The victim retrieved a .12 gauge shotgun from the closet and nitromagnum shells from the dresser. When the victim placed the shotgun at the end of the bed, the defendant stated she moved the gun down a hallway and eventually hid the shotgun underneath a blanket lying on the floor in the living room. The victim eventually came into the living room and asked the defendant where she had placed his shotgun. His foot eventually hit the shotgun, and the victim retrieved the gun. He sat on a couch, placed the shotgun between his legs, and aimed the gun at his face. He could not reach the trigger with his finger. He obtained a fly swatter and attempted to activate the trigger with the loop end of the fly swatter.

The defendant testified she again told the victim she loved him and she would not leave him while kneeling on the floor near his feet. She asked the victim to place the shotgun back on the shelf in the closet. According to the defendant, she placed her hands on the wooden stock or butt of the shotgun and attempted to take the shotgun from the victim. The shotgun discharged. The victim was shot near the middle of his chest. The pellets did massive damage to the victim's heart and left lung, and several pellets penetrated the aorta, one of the major arteries. The victim died within seconds after being shot.

The defendant was twenty-three years of age when she was sentenced. One child was born to the defendant's marriage to the victim. The child was two years of age on the date of the sentencing hearing. The defendant graduated from high school, and she has a stable work history. The presentence report reflects the defendant has never been arrested, and she has not engaged in criminal behavior other than assault and battery committed against the victim on several occasions.

When an accused challenges the manner of serving a sentence imposed by the trial court, it is the duty of this court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1990 Repl). This presumption is "conditioned

3

upon the affirmative showing in the record the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a de novo review of a sentence, this Court must consider (a) any evidence received at the trial and sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in her own behalf, and (h) the accused's lack of potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and 210 (1990 Repl.); State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), per. app. denied (Tenn. 1987).

The party challenging a sentence imposed by the trial court has the burden of establishing the sentence is erroneous. Sentencing Commission Comments to Tenn. Code Ann. §40-35-401; Ashby, 823 S.W.2d at 169; Butler, 900 S.W.2d at 311. In this case, the defendant has the burden of illustrating the sentences imposed by the trial court are erroneous.

In this case, the defendant is entitled to a presumption, rebuttable in nature, that she is a favorable candidate for alternative sentencing unless disqualified by a provision of the Tennessee Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-102(6) (1990 Repl.). She was convicted of a Class E felony, and sentenced as a standard offender.

The trial court refused to grant the defendant probation or some other form of alternative sentence. The court based its decision on the following grounds: (a) the nature and circumstances of the offense, Tenn. Code Ann. § 40-35-210(b)(4) (1990 Repl.); (b) avoiding depreciating the seriousness of the offenses, Tenn. Code Ann. § 40-35-103(1)(B)

4

(1989); and (c) the deterrent effect confinement would have upon residents of Carter County. Tenn. Code Ann. § 40-35-103(1)(B) (1989).

The trial court properly considered the nature and circumstances of the offense. Here, the defendant and the victim constantly argued. The defendant apparently became violent when she was angry because she physically attacked the victim on numerous occasions in the presence of several individuals. No one ever saw the victim retaliate with violence toward the defendant. The end result of the constant bickering and the physical attacks was the death of the victim. These circumstances also support the denial of an alternative sentence predicated upon deterrence. See State v. Davis, 940 S.W.2d 558, 560 (Tenn. 1997). Furthermore, the granting of an alternative sentence would result in depreciating the seriousness of the offense. Id.

This court concludes the defendant has failed to establish the judgment of the trial court was erroneous. Therefore, the judgment of the trial court should be affirmed.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
CURWOOD WITT, JUDGE

5