IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2000

## STATE OF TENNESSEE v. JOHN CLARK GARRISON

**Direct Appeal from the Criminal Court for Knox County**
**No. 45851, 45852     Lynn W. Brown, Judge**

---

**No. E1999-00121-CCA-R3-CD**
**November 6, 2000**

---

On August 3, 1992, the defendant pled guilty to two counts of theft under Tennessee Code Annotated sections 39-14-103, -105(4).  The defendant was sentenced to two consecutive nine-year sentences and ordered to pay restitution in the amount of  $51,000.  On June 8, 1999, the defendant filed a Motion to Correct Illegal Sentence.  It was denied.  In this appeal, the defendant contends that 1) the trial court erred in its finding that the defendant's sentence of incarceration and restitution was legal as a matter of law; and 2) the trial court erred by finding that the defendant knowingly and voluntarily entered into a plea agreement involving an illegal sentence.  After a careful review, we find no merit in these issues, and find that the defendant's sentence is legal. The defendant's sentence of incarceration and the court's imposition of restitution is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Gregory P. Isaacs, Knoxville, Tennessee, for the appellant, John Clark Garrison.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, John Clark Garrison, was indicted by a Knox County Grand Jury for two counts of theft and three counts of forgery.  On August 3, 1992, the defendant pled guilty to two counts of theft as a result of a plea agreement.  The defendant's guilty pleas were accepted by the court, and the defendant was sentenced to two nine-year sentences and ordered to pay restitution. The defendant appeals from the denial of his Motion to Correct Illegal Sentence contending that 1) the trial court erred in its finding that the defendant's sentence of incarceration and the order imposed

requiring him to pay restitution was legal as a matter of law; and 2) the trial court erred by finding that the defendant knowingly and voluntarily entered into a plea agreement involving an illegal sentence. After a careful review of the law surrounding these issues, we find no merit in these contentions.

## FACTS

The defendant was indicted by a Knox County Grand Jury for two counts of theft and three counts of forgery. On August 3, 1992, the defendant pled guilty to two counts of theft pursuant to a plea agreement. The trial court accepted the defendant's guilty pleas, sentenced him to two consecutive nine-year sentences, and ordered him to pay restitution. In a subsequent appeal, the defendant appealed the validity of his guilty plea and sentence. In an opinion filed by this Court on June 10, 1998, we affirmed the defendant's guilty plea and sentence. See State v. John Clark Garrison, Knox County, C.C.A. No. 03C01-9601-CR-00050, 4 (Tenn. Crim. App., filed June 10, 1998, at Knoxville).

On June 8, 1999, the defendant filed a Motion to Correct Illegal Sentence claiming that his sentence of incarceration and restitution was incorrect. The defendant requested that the judgment of sentence handed down in his case be declared void *ab initio*. On September 20, 1999, a judgment was entered denying the defendant's Motion to Correct Illegal Sentence. On September 28, 1999, the defendant filed a Petition for Reconsideration. The petition was denied on October 8, 1999, and this appeal followed.

The defendant was sentenced in September 1995. Prior to July 1, 1996, the general rule was that a criminal defendant could not receive a sentence of incarceration and restitution. After July 1, 1996, the rule was changed and a defendant could receive a sentence of incarceration and restitution. See Tenn. Code Ann. § 40-35-104(c). However, in existence at the time the defendant pled guilty was a statute that provided an exception to the general rule. See Tenn. Code Ann. § 40-20-116(a).

## ANALYSIS

### Legality of Sentence

The defendant first contends that the trial court erred in its finding that his sentence of incarceration and restitution was legal as a matter of law. The defendant argues that because he was convicted of the felonies prior to the July 1, 1996, Tennessee Code Annotated Section 40-35-104(c), as it existed prior to July 1, 1996, controls the imposition of his sentence. In its present form, Tennessee Code Annotated Section 40-35-104(c) permits both a sentence of incarceration and the imposition of restitution. Prior to July 1, 1996, however, Tennessee Code Annotated section 40-35-104(c) did not allow for the imposition of restitution if the defendant was sentenced to a period of incarceration. Therefore, we must determine whether any other statute existed at the time the defendant pled guilty that would allow for incarceration plus restitution.

The defendant places great emphasis on Tennessee Code Annotated section 40-35-104(c)(2) in his argument that restitution may not be ordered in conjunction with a period of incarceration for felonies committed prior to July 1, 1996. In support his argument, the defendant cites State v. Davis, arguing that the Davis court clearly stated that "restitution may properly be made a part of a sentence involving probation but may not be tied to a sentence of incarceration." State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997).

The court in Davis arrived at its conclusion through an analysis of Tennessee Code Annotated section 40-35-104(c)(2) and by applying rules of statutory construction. Davis, 940 S.W. 2d at 560-62. The court examined Tennessee Code Annotated section § 40-35-104(c)(2) as it applied prior to July 1, 1996, and concluded that "the Legislature intended to limit restitution to defendants placed on probation." Id. at 562. Further, the court concluded that because the Legislature "omitted any reference [under the earlier statute] to a sentence involving restitution as part of a term of confinement," a sentence encompassing the two was not permitted. Id.

While the Davis court set forth that a sentence of confinement for vandalism and restitution is not permitted under the earlier statute, the court did indicate that where authority exists to impose such a sentence it will be affirmed. Id. at 561. Tennessee Code Annotated section 40-20-116(a) was in existence at the time the defendant pled guilty and it provided:

> [w]henever a felon is convicted of stealing or feloniously taking or receiving property, or defrauding another thereof, the jury shall ascertain the value of such property, if not previously restored to the owner, and the court shall, thereupon, order the restitution of the property, and, in case this cannot be done, that the party aggrieved recover the value assessed against the prisoner, for which execution may issue as in other cases.

It is this type of authority the Tennessee Supreme Court indicated would permit a sentence of incarceration in addition to the imposition of restitution.

As defined by Black's Law Dictionary, to steal "denotes the commission of theft." Black's Law Dictionary 1413 (6th ed. 1990). Further, according to Black's Law Dictionary, the term theft means "the taking of property without the owner's consent." Id. at 1477. Clearly, theft falls under the parameters of Tennessee Code Annotated section 40-20-116(a), even though the actual word theft is not used in the statute. It is at this juncture that we must distinguish State v. Davis with the instant case.

State v. Davis is a case dealing with a sentence of incarceration and an order of restitution for damages caused by vandalism. Clearly, Tennessee Code Annotated section 40-20-116(a) does not provide for restitution for acts of vandalism. Tennessee Code Annotated section 40-20-116(a) does, however, provide for restitution in theft cases. In the instant case, the defendant was convicted of two counts of theft under Tennessee Code Annotated section 39-14-103, both of which are Class C felonies as graded by Tennessee Code Annotated section 39-14-105(4).

In examining this case, this Court believes that it was neither the Legislature's nor the Tennessee Supreme Court's intent to abolish sentences of incarceration in theft cases. This would be the resultant outcome in cases involving theft if we are to apply both Tennessee Code Annotated section 40-20-116(a), as we are mandated to do by the Legislature in theft cases, and Davis, as the Tennessee Supreme Court has directed. Instead, this Court is of the opinion that Tennessee Code Annotated section 40-20-116(a) is an exception to Tennessee Code Annotated section 40-35-104(c), which mandates the imposition of restitution in theft cases while permitting sentences of incarceration. Put another way, State v. Davis does not apply in theft cases.

In State v. Lovingood, the defendant was convicted of theft, and this Court held that the trial court had appropriate statutory authority to order restitution against him in conjunction with his sentence of incarceration. State v. James R. Lovingood, C.C.A. No. 03C01-9902-CC-00056, 2000 WL 122239, at *2 (Tenn. Crim. App., filed February 2, 2000, at Knoxville); see also State v. William T. Cozart, C.C.A. No. 01C01-9508-CC-00251, 1996 WL 675542 at *4 (Tenn. Crim. App., filed November 22, 1996, at Nashville). The instant case presents essentially the same situation. The defendant's sentence is legal and the trial court was correct in not declaring it void *ab initio.*

### Knowing and Voluntary Nature of Guilty Plea to Illegal Sentence

The defendant contends that the trial court erred by finding that the defendant knowingly and voluntarily entered into a guilty plea agreement involving an illegal sentence. This Court has already addressed the knowing and voluntary nature of the defendant's guilty plea. See State v. John Clark Garrison, Knox County, C.C.A. No. 03C01-9601-CR-00050, 1998 WL 300SS7, at *4 (Tenn. Crim. App., filed June 10, 1998, at Knoxville). However, the defendant would have this Court re-examine the knowing and voluntary nature of his guilty plea under the premise that it was made in the face of an illegal sentence. Having decided that the defendant's sentence is legal, this Court will not re-visit the knowing and voluntary nature of the guilty plea agreement entered into by the defendant.

### CONCLUSION

After a careful review of the record, we find that the defendant's sentence of incarceration and the imposition of restitution on the defendant are legal. The defendant's sentence and the court's order requiring the defendant to pay restitution are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-