# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 9, 2016 Session

## STATE OF TENNESSEE v. SHENEKIA M. PARKS

### Appeal from the Circuit Court for Rutherford County
### No. F-72959  David M. Bragg, Judge
_____

### No. M2015-01888-CCA-R3-CD – Filed September 19, 2016
_____


The defendant, Shenekia M. Parks, was sentenced by the trial court to ten years in the Tennessee Department of Correction after pleading guilty to attempted aggravated child neglect. On appeal, the defendant argues that the trial court improperly enhanced her sentence for attempted aggravated child neglect, a Class B felony, from the minimum of eight years to ten years. The defendant argues the trial court failed to properly apply the applicable enhancement and mitigating factors to her sentence. The defendant also contends that the trial court erroneously denied her request for alternative sentencing. Following our review of the briefs, the record, and the applicable law, we affirm the defendant's ten-year sentence.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, Jr., J., joined.

Gerald L. Melton, District Public Defender; Russell N. Perkins, Assistant District Public Defender (at sentencing and on appeal), for the appellant, Shenekia M. Parks.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Sarah N. Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

-1-

# OPINION

# FACTS

The defendant's conviction arises after the birth, and subsequent death, of her daughter on September 3, 2014, in Rutherford County, Tennessee. Following her daughter's death, the defendant was indicted for two counts of felony murder, one count of aggravated child abuse, and one count of aggravated child neglect. The defendant pled guilty to attempted aggravated child neglect as a Range I, standard offender. The trial court set a sentencing hearing for August 28, 2015, to determine the sentence length and manner of service.

At the sentencing hearing, the evidence revealed that on September 3, 2014, the defendant gave birth to the victim in her bedroom. After giving birth, the defendant wrapped the victim in clothing and went to the bathroom.[1] The defendant's family called 911 after finding her unconscious on the bathroom floor, surrounded by blood. When EMS personnel arrived, they questioned the defendant about her medical condition, specifically asking if she was pregnant. The defendant denied being pregnant.

The defendant was rushed to the hospital where it was determined she had just given birth. Eula Fitzhugh, the defendant's mother, accompanied the defendant to the hospital. While the defendant proceeded into surgery, Ms. Fitzhugh received a call from the defendant's brother. The record makes clear that after giving birth, the defendant wrapped the victim in clothing, leaving only her hand exposed. This was confirmed by the defendant's brother. The defendant left the victim in her bedroom with the lights off and the door closed.

After the family discovered the victim, Edward Richardson transported her from the defendant's home to the hospital in a biohazard bag. Hospital staff attempted to resuscitate her but were unsuccessful. The victim's autopsy report lists her time of death as 8:30 p.m. on September 3, 2014. The report states that the cause and manner of death could not be determined, though the report states it was "highly likely" the victim suffocated, and it was possible she suffered from hypothermia.

Detective Stephen Hale investigated the victim's death and testified at the defendant's sentencing hearing. He explained that the defendant initially denied giving birth to the victim. However, she eventually admitted to giving birth and hearing the victim cry. The defendant claimed that she lost consciousness throughout the delivery

---

[1]According to the record, the victim may have been wrapped in a combination of blue jeans, a t-shirt, or a towel.

-2-

and afterwards, when EMS arrived. She told Detective Hale that she applied for assistance for prenatal care through TennCare. Upon investigation, Detective Hale learned the defendant never applied for TennCare.

The defendant also testified at her sentencing hearing. She did not dispute Detective Hale's narration of the events leading to the victim's death. However, she stated that she did not remember wrapping the victim's face in clothing. She stated that she did not intend to suffocate the victim, but rather that she planned to give her up for adoption.

The defendant admitted that she did not tell anyone about her pregnancy. When asked if she was pregnant by her mother, the defendant claimed to be suffering from a relapse in ovarian cancer. The defendant stated she intentionally lied about being pregnant to Tyree Taylor, the victim's father. Mr. Taylor testified that the defendant's actions robbed him of the chance to be a father to the victim.

At the conclusion of the hearing, the court considered the applicable sentencing range, the presentence report, and the evidence presented during the plea and sentencing hearings. The court then sentenced the defendant to ten years as a Range I, standard offender, with 30% release eligibility, for attempted aggravated child neglect. The court denied the defendant's request for alternative sentencing and ordered the sentence to be served in the Tennessee Department of Correction. This appeal followed.

## ANALYSIS

On appeal, the defendant argues the trial court improperly enhanced her sentence from the minimum eight-year sentence to a ten-year sentence. The defendant also argues the trial court erred in not applying an alternative sentence. The State contends that the defendant's sentence falls within the statutory range and that the trial court applied the appropriate enhancement and mitigating factors to the defendant's sentence. After our review, we agree with the State.

It is well settled that this Court reviews within-range sentences and alternative sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). The party appealing a sentence bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts. A defendant is not entitled to the minimum sentence within the applicable sentencing range. *See State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). Rather, once the trial court determines the sentencing range, it "is free to select any

-3-

sentence within the applicable range." Tenn. Code Ann. § 40–35–210 (a), (d); *Carter*, 254 S.W.3d at 343.

Trial courts are to consider the following factors when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
> (2) The presentence report;
> (3) The principles of sentencing and arguments as to sentencing alternatives;
> (4) The nature and characteristics of the criminal conduct involved;
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210 (b). The trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40–35–210 (e); *Bise,* 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise,* 380 S.W.3d at 705-06. A trial court's sentence "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10.

The 2005 revised sentencing statutes advise that a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter,* 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40–35–102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102 (6). No criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis,* 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant bears the burden of proving his or her suitability for alternative sentencing options. *Carter,* 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40–35–303(b)). The defendant must show that the alternative sentencing option imposed "will subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State,* 297

-4-

S.W.2d 78, 81 (Tenn. 1956), *overruled on other grounds, State v. Hooper,* 29 S.W.3d 1, 9-10 (Tenn. 2000).

Before imposing a sentence of full confinement, the trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103 (1)(A)-(C). In addition, the sentence imposed should be (1) "no greater than that deserved for the offense committed," and (2) "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103 (2), (4).

On appeal, the defendant argues that the trial court abused its discretion in enhancing her sentence for attempted aggravated child neglect from eight years to ten years in violation of the purposes and principles of sentencing. Specifically, the defendant complains that the trial court erroneously enhanced her sentence based on her failure to disclose her pregnancy or obtain prenatal care, and she takes issue with the court's commentary of the same. The defendant argues that her decisions to not disclose her pregnancy or seek prenatal care did not lead to the victim's death and cannot be used to enhance her sentence. We disagree.

The record makes clear that the defendant's neglect, to which she pled guilty, resulted in the victim's death. As a result, the court applied two enhancement factors to the defendant's sentence. First, the court found that "[t]he personal injuries inflicted upon . . . the victim [were] particularly great." Tenn. Code Ann. § 40-35-114 (6). The court noted that the defendant failed to notify anyone of the presence, or even existence, of the victim while the defendant was receiving medical care. The court also held that "[t]he defendant had no hesitation about committing a crime when the risk to human life was high." Tenn. Code Ann. § 40-35-114 (10). Any comments made by the trial court regarding the defendant's lack of prenatal care or her failure to disclose her pregnancy do not negate the court's proper consideration of the victim's death as the basis for enhancing the defendant's sentence. *See Bise,* 380 S.W.3d at 705-06. It is clear from the hearing as a whole that the trial court's focus was on the loss of life and the events that occurred after the victim's birth. Further, the court properly found that the enhancement

factors supported by the record outweighed any applicable mitigating factors.[2] Tenn. Code Ann. § 40-35-210; *Bise,* 380 S.W.3d at 705-06. Accordingly, we conclude the trial court did not abuse its discretion in imposing the ten-year within range sentence for attempted aggravated child neglect. Tenn. Code Ann. § 40–35–112 (a)(2).

The defendant also contends that the trial court abused its discretion in imposing a sentence of confinement rather than an alternative sentence. At the sentencing hearing, the court considered the statutory principles which support a sentence of confinement. *See* Tenn. Code Ann. § 40-35-103 (1)(A)-(C). In considering the circumstances surrounding the offense and the criminal conduct of the defendant, the court stated: "We don't have anything higher than a human life to deal with in this court. And because of [the defendant's] conduct, a human life was lost." The trial court held that because the defendant's neglect resulted in the victim's death, "a sentence of full probation would unduly depreciate the seriousness of the offense." Tenn. Code Ann. § 40-35-103 (1)(B); *see State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996) ("Denial of probation may be based solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation."). Accordingly, the defendant has failed to show that the trial court abused its discretion in sentencing the defendant to ten years in the Tennessee Department of Correction. *See Caudle*, 388 S.W.3d at 278-79.

The record reflects the trial court properly considered the relevant purposes and principles of Tennessee's sentencing statutes and imposed a sentence within the applicable range for the defendant's Class B felony offense of attempted aggravated child neglect. The trial court then made the requisite findings on the record in support of its ruling. Accordingly, the trial court did not abuse its discretion and we affirm the ten-year sentence imposed by the trial court.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE

---

[2]For example, the court considered the defendant's minor criminal history during sentencing. However, the court ultimately held that the victim's death trumped any mitigating factors that might apply to the defendant's sentence.