IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

STATE OF TENNESSEE v. BRANDON GILLENWATER

Appeal from the Criminal Court for Sullivan County
No. S61451   James F. Goodwin, Jr., Judge
_____

No. E2017-01387-CCA-R3-CD
_____

Defendant, Brandon Gillenwater, appeals from the Sullivan County Criminal Court's judgment denying him alternative sentencing. Defendant's counsel has filed a motion to withdraw from representation pursuant to Rule 22 of the Rules of the Tennessee Court of Criminal Appeals. We conclude that counsel's motion is well-taken and, in accordance with Rule 22(F), affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Ilya I. Berenshteyn, Bristol, Tennessee, for the appellant, Brandon Gillenwater.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas White Spangler, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Emily M. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On May 2, 2013, Defendant entered guilty pleas in case number S61400 to nine counts of attempted burglary of a building and one count of vandalism of property valued at $500 or less. He also entered guilty pleas in case number S61451 to five counts of

burglary of a building, one count of theft of property valued at $500 or less, one count of theft of property valued at more than $500 but less than $1,000, two counts of theft of property valued at $1,000 or more but less than $10,000. Pursuant to the plea agreement, Defendant agreed to serve eight years' incarceration as a Range III, persistent offender with no consideration of alternative sentencing by the trial court. The trial court reserved entry of judgments on the guilty pleas until Defendant's June 6, 2013 report date. On June 6, 2013, Defendant failed to report.

Four years later, on June 8, 2017, Defendant pleaded guilty to violating his probation in a previously-imposed judgment in case number S60267. At that time, the State modified the 2013 plea agreement to allow Defendant to seek alternative sentencing in case numbers S61400 and S61451. At the sentencing hearing, Defendant testified that following the entry of the guilty pleas but before he could report for entry of the judgments, he was arrested in Virginia for burglary of a building and grand larceny. Convicted of these offenses in Virginia, he was sentenced to serve "4 years at 85%." While incarcerated in Virginia, Defendant completed a substance abuse treatment program, obtained his graduate equivalency diploma, and obtained "federal bonding" so that he could be employed with his brother's towing company upon release. Defendant asked the trial court to grant him release on community corrections.

In determining the manner of service of the agreed-length sentence, the trial court noted Defendant's previous supervision history which included absconding from supervision in 2008 and testing positive for illegal drug use in 2012. The court also noted Defendant's extensive criminal history totaling forty-one felony and ten misdemeanor convictions. As factors favoring alternative sentencing, the trial court noted Defendant's successful completion of treatment and educative programs while incarcerated. The trial court nevertheless found that the negative factors outweighed the positive factors and denied alternative sentencing, ordering Defendant to serve the effective eight-year sentence in confinement.

## Analysis

The trial court has broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Id.* at 707. In *State v. Caudle*, our supreme court clarified that the "abuse of discretion standard, accompanied by a

presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." 388 S.W.3d 273, 278-79 (Tenn. 2012).

Under the 2005 amendments to the Sentencing Act, trial courts are to consider the following factors when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
> (2) The presentence report;
> (3) The principles of sentencing and arguments as to sentencing alternatives;
> (4) The nature and characteristics of the criminal conduct involved;
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b).

The trial court must state on the record the factors it considered and the reasons for the ordered sentence. *Id.* § 40-35-210(e); *Bise*, 380 S.W.3d at 706. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6)(A). However, no criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). Instead, the defendant bears the burden of proving his or her suitability for alternative sentencing options. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b)).

- 3 -

When imposing a sentence of full confinement, the trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In addition, the sentence imposed should be (1) "no greater than that deserved for the offense committed," and (2) "the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(2), (4).

As a Range III, persistent offender convicted of Class D felonies, Defendant was eligible for alternative sentencing but was not considered a favorable candidate for alternative sentencing. *See id.* § 40-35-102(6). The trial court considered the facts of this case and the appropriate sentencing principles. Defendant has not demonstrated that the trial court abused its discretion by denying him an alternative sentence.

On appeal, Defendant's counsel asserts that this appeal presents no legally non-frivolous questions, *Anders v. California*, 386 U.S. 738 (1967), and that the trial court committed no abuse of discretion in denying Defendant's request for alternative sentencing and ordering him to serve his sentence in confinement. Upon review, we agree.

## Conclusion

We affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. By separate order accompanying this opinion, counsel's motion to withdraw from representation is granted.

_____
D. KELLY THOMAS, JR., JUDGE

- 4 -