IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 10, 2020

## STATE OF TENNESSEE v. JAMES HOWARD THEUS, III

**Appeal from the Circuit Court for Madison County**
**No. 19-496   Donald H. Allen, Judge**

_____

### No. W2020-00160-CCA-R3-CD

_____

James Howard Theus, III, Defendant, was indicted for four counts of violating the sex offender registry. He pled guilty to the charges as stated in the indictment with an agreed upon sentence of three years with the manner of service of the sentence to be determined by the trial court after a sentencing hearing. The trial court denied alternative sentencing, ordering Defendant to serve his sentence in incarceration. Defendant appeals, arguing that the trial court abused its discretion. After a review, we determine that the trial court did not abuse its discretion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and NORMA MCGEE OGLE, J., joined.

George Morton Googe, District Public Defender; Greg Gookin, Assistant Public Defender, for the appellant, James Howard Theus, III.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was indicted by the Madison County Grand Jury in June of 2019 in Counts 1 and 2 for violating the sex offender registry. The indictment also charged Defendant in Counts 3 and 4 with violating the sex offender registry after previously having been convicted of the same offense. Defendant entered into a negotiated plea agreement with the State. The plea agreement specified that Defendant would enter a

guilty plea to the offenses as stated in the indictment in exchange for a three-year sentence. The trial court was to determine the manner of service of the sentence after a sentencing hearing.

At the guilty plea hearing, counsel for the State noted that, if the case had gone to trial, the proof would have shown:

> [Defendant] is required to report to the sex offender registry due to a conviction for facilitating rape of a child in Docket No. 00-905 out of Madison County, Tennessee. Your Honor, on December the 10th, 2018, [Defendant] reported to Investigator Mark Headen who oversees the sex offender registry with Jackson Police Department. At that time, Your Honor, he reported that his address for his primary residence was 390 Berry Street. He did sign a form acknowledging that that was his primary residence. On February the 27th of 2019, Your Honor, Jackson Police Department conducted a compliance check with over 100 different sex offenders who are registered with the Jackson Police Department. One of those was [Defendant]. Officer Washburn and Lieutenant Harris went to 390 Berry Street to determine if [Defendant] was in compliance. When they arrived at that address they made contact with a Rose Parrish who is here today in the courtroom. They spoke with Ms. Parrish. Ms. Parrish informed them that she has lived there for several years and that [Defendant] has never resided at that residence. I believe her exact words in her statement were "He has never crossed my front porch." She does know [Defendant], [Defendant's] father is friends with Ms. Parrish. He sits with her I think and brings her food and drives her around places. So, she is familiar with [Defendant], but she stated that he did not live there and has never lived there. So, Your Honor, the fact that he reported his primary residence as 390 Berry Street but according to Ms. Parrish he's never resided there that is the basis for the falsifying information on a TBI registration form. Your Honor, again because he's never lived at 390 Berry Street, he did not report within 48 hours of establishing a change in primary or secondary residence. He's never updated that. Your Honor, he did this while having a prior conviction for violation of sex offender registry in Docket No. 11-77 out of Madison County, Tennessee. That conviction was on September 12th, 2011.

Defendant agreed that the State's recitation of the facts was "substantially correct." The trial court accepted the guilty plea.

At a sentencing hearing, the State introduced the presentence report, which listed 19 prior convictions, including two felony convictions and several convictions for possession of marijuana. The State pointed out Defendant's prior conviction for violating the sex offender registry after residing with a minor in violation of the registry. The presentence report also detailed Defendant's extensive and long-standing marijuana use of at least one time per month from the age of 21 to the age of 48. Defendant claimed that he stopped using marijuana at the age of 49 because "it kept getting him into legal trouble." Defendant offered to undergo drug testing if he was placed on probation.

Defendant acknowledged that he was on probation for another offense at the time he committed the offenses for which he pled guilty. Defendant admitted that he did not live at the Berry Street address but that he had the option to stay there and received mail at that location. Defendant explained that he was educated, with two college degrees.

The trial court stated that it considered the evidence received at the time of the guilty plea, the pre-sentence report, the principles of sentencing and the arguments about alternative sentencing, the nature and characteristics of the criminal conduct involved, applicable enhancement and mitigating factors, and Defendant's potential for rehabilitation. The trial court noted that Defendant had 17 prior offenses, at least nine of which involved drug convictions. Defendant committed the offense of possession of marijuana while he was on bond for the present offenses. The trial court gave "great weight" to Defendant's prior criminal history and prior criminal behavior involving illegal drug usage. The trial court also noted that Defendant had failed to comply with the conditions of a sentence involving release into the community, pointing to "four or perhaps five different occasions while he was on probation of some sort [where] he's gone out and committed new offenses." In other words, Defendant did not follow the rules of alternative sentences so the trial court also gave "great weight" to this factor. The trial court did not find significant mitigating factors. He noted that Defendant was "smart" with a college degree and that Defendant knew how to follow the rules but had "chosen not to follow the rules." The trial court determined that Defendant "would not abide by any type of rules of probation" because he showed a consistent pattern of violating those rules. As a result, the trial court denied alternative sentencing and ordered Defendant to serve the three-year sentence in incarceration. The trial court also ordered Defendant to serve those sentences consecutively to the sentences for which Defendant was on probation in case numbers 17-288 and 15-317 and the cases from Jackson City Court, 2019M-1690 and 2017M-4046.

Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion by ordering him to serve his entire sentence in incarceration. Defendant points to his college education and argues that if he were ordered to serve the minimum he would be "adequately punished for his crimes, but would still have the opportunity to demonstrate that he was capable of being rehabilitated and obeying the rules of probation and the sex offender registry." The State disagrees.

When a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This deferential standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

A defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a). Moreover, a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. *See* T.C.A. § 40-35-102(6). In this case, Defendant was eligible, but not considered a favorable candidate for alternative sentencing because he was sentenced to ten years or less but was not an especially mitigated or standard offender.

Although the trial court is required to automatically consider probation as a sentencing option, *see* Tennessee Code Annotated section 40-35-303(b), no criminal defendant is automatically entitled to probation as a matter of law, *see State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). It is the defendant's burden to establish his or her suitability for full probation. *State v. Carter*, 254 S.W.3d 334, 347 (Tenn. 2008) (citing T.C.A. § 40-35-303(b)). The defendant must demonstrate that probation will "subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds, *State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the

defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations, which are utilized in determining the appropriateness of alternative sentencing:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See also State v. Zeolia*, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. T.C.A. § 40-35-102(5). Our supreme court has specifically held that the abuse of discretion standard, with a presumption of reasonableness, also applies to a review of a denial of alternative sentencing. *Caudle*, 388 S.W.3d at 278-79.

The trial court found Defendant had many prior offenses and several violations of probation. The record reflects that the trial court engaged in a careful consideration of the facts and the law. The trial court did not abuse its discretion in denying an alternative sentence. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE