IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 2000 Session

## STATE OF TENNESSEE v. AMY BOYD

**Appeal from the Criminal Court for Hawkins County**
**No. 7612      James E. Beckner, Judge**

---

**No. E1999-02218-CCA-R3-CD**
**September 26, 2000**

---

The defendant was indicted on two counts of aggravated assault. A Hawkins County jury found her guilty of one count and not guilty of the other. In this appeal as of right, the defendant challenges the sufficiency of the convicting evidence and the trial court's denial of alternative sentencing. Upon a thorough review of the record, we conclude the evidence was sufficient to sustain the defendant's conviction for aggravated assault and that alternative sentencing was properly denied. Thus, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Greg W. Eichelman, District Public Defender; and Russell Mattocks, Assistant District Public Defender, Morristown, Tennessee, for the appellant, Amy Boyd.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Michelle Green, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In the early morning hours of August 15, 1999, Michelle Hammonds went to the defendant's apartment looking for her brother. She encountered the defendant, and the two became involved in a brief altercation. Thereafter, the defendant entered her apartment and Hammonds followed. Hammonds testified that she was invited into the apartment by the defendant, but the defendant

testified to the contrary. Hammonds testified that once inside the apartment, the defendant without provocation stabbed her in the face with a butcher knife. Dustin Ramsey, another guest in the apartment, attempted to shield Hammonds from further attack and was stabbed in the arm. Hammonds, her brother and Ramsey left the apartment and drove to the hospital. The defendant and her neighbor also left the apartment.

Defendant testified that Hammonds ran into the house after her, and she acted in self-defense. Defendant conceded she did not see Hammonds with a weapon. The defendant further admitted consuming twelve beers and two Xanax pills prior to the altercation.

When officers arrived at the apartment they discovered a trail of blood leading from the apartment and a knife wrapped in a bloody towel in the kitchen. The defendant returned to the scene and told officers "I did it." Later, in a handwritten statement, she stated that Hammonds attacked her on the steps in front of her apartment. She claimed she was intimidated by Hammonds and was angry because Hammonds "disrespected her." The defendant further stated that if Ramsey had not intervened, she probably would have killed Hammonds.

The defendant was indicted for the aggravated assault on Hammonds and for the aggravated assault on Ramsey. The jury found her guilty of the aggravated assault on Hammonds, but not guilty for the aggravated assault on Ramsey. The defendant now challenges the sufficiency of the convicting evidence and the trial court's denial of alternative sentencing.

## SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996).

### B. Analysis

The defendant challenges the sufficiency of the convicting evidence. Specifically, she claims the state failed to negate her claim of self-defense beyond a reasonable doubt and argues the conflicting testimony from the state's witnesses is insufficient to sustain her conviction for aggravated assault.

The issue of self-defense is a matter for the jury to decide. State v. Ivy, 868 S.W.2d 724, 727 (Tenn. Crim. App. 1993). However, once evidence is admitted supporting the defense, the state must prove beyond a reasonable doubt that the defendant did not act in self defense. State v. Belser, 945 S.W.2d 776, 783 (Tenn. Crim. App. 1996); Tenn. Code Ann. § 39-11-201(a)(3). Tenn. Code Ann. § 39-11-611(a) states that

> a person is justified in threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. The person must have a reasonable belief that there is an imminent danger of death or serious bodily injury. The danger creating the belief of imminent death or serious bodily injury must be real, or honestly believed to be real at the time, and must be founded upon reasonable grounds. There is no duty to retreat before a person threatens or uses force.

At trial the jury heard conflicting testimony regarding the defendant's claim of self-defense. However, the evaluation of witnesses' credibility, the weight and value to be given to the evidence, and resolution of factual issues raised by the evidence are left to the trier of fact. Cabbage, 571 S.W.2d at 835. Therefore, taking the evidence in the light most favorable to the state, we conclude the jury could have found the defendant's claim of self-defense was negated by the state's proof.

At trial, the defendant testified that Hammonds followed her into the house and stated that she was going to "kick her ass" and ran at her. However, this testimony was contradicted by the victim. The victim stated that the defendant stabbed her without provocation. The victim also testified that the defendant instigated the initial confrontation, and then invited Hammonds into her home. Furthermore, the defendant stated she was angry because Hammonds "disrespected" her and stated that if Ramsey had not intervened, she would have probably killed Hammonds. The jury was justified in rejecting the claim of self-defense.


## SENTENCING

The defendant acknowledges that she received the minimum sentence available for aggravated assault; however, she argues the erroneous application or non-application of certain enhancement and mitigating factors affected the courts decision to order full confinement. Additionally, she contends there was no proof regarding the need for deterrence; therefore, she contends the trial court inappropriately applied that factor to deny an alternative sentence. She further claims the trial court erred in concluding the seriousness of the offense required confinement.

## A. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

We will now examine enhancement and mitigating factors as they relate to the Tenn. Code Ann.§ 40-35-103 factors for confinement and alternative sentencing. *See* Boston, 938 S.W.2d at 438.

## B. Enhancement Factors

### 1. Previous Criminal History

The trial court erroneously considered the defendant's juvenile adjudications for vandalism, resisting arrest, and unlawful possession of alcohol under Tenn. Code Ann. § 40-35-114(1). For offenses committed after July 1, 1995, juvenile adjudications can only be considered under Tenn. Code Ann. § 40-35-114(20), which requires the offense to be a felony if committed by an adult. State v. Glynnon Bradshaw, C.C.A. No. 01C01-9810-CR-00439, Wilson County (Tenn. Crim. App. filed September 22, 1999, at Nashville). Nevertheless, the trial court placed little weight upon these adjudications.

The trial court noted that the defendant had been on juvenile probation for one month from an adjudication for ungovernable and unruly behavior when she committed underage possession and drinking of alcohol, vandalism and resisting arrest. She was again given probation. We conclude the trial court appropriately considered the twenty-year-old defendant's past failure at rehabilitation in denying alternative sentencing, since measures less restrictive than confinement had been applied unsuccessfully. *See* Tenn. Code Ann. § 40-35-103(1)(C).

## 2. Bodily Injury To A Person Other Than the Victim

The defendant argues the trial court inappropriately considered Ramsey's injuries to enhance her sentence. *See* Tenn. Code Ann. § 40-35-114(12). She claims the trial court should not have considered Ramsey's injuries because the jury granted an acquittal on the charge of aggravated assault against him.

The Tennessee Supreme Court recently held that a sentencing court's consideration of facts underlying a charge for which there had been an acquittal was consistent with the statutory sentencing scheme established by the Criminal Sentencing Reform Act of 1989. State v. Winfield, ___ S.W.3d ___, ___ (Tenn. 2000). The Act does not preclude consideration of facts proven by a preponderance of the evidence, even where the facts are the basis of a charge for which there has been an acquittal. *Id.* at ___.

Despite the jury's acquittal for the Ramsey assault, there was ample evidence at trial from which the trial court could conclude by a preponderance of the evidence that the defendant willfully inflicted bodily injury on him. The defendant herself admitted stabbing Ramsey. Thus, we conclude the trial court appropriately considered this factor in denying alternative sentencing.

## C. Mitigating Factors

The trial court found the defendant acted under strong provocation. Tenn. Code Ann. § 40-35-113(2). However, the defendant argues the trial court should have also found (1) substantial grounds existed tending to excuse or justify her criminal conduct, and (2) the defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated her conduct. Tenn. Code Ann. § 40-35-113(3), (11).

The defendant argued she was acting in self-defense. However, the jury and trial judge obviously disregarded her claims and chose instead to believe the state's version of events.

Additionally, the defendant stated that she probably would have killed Hammonds if Ramsey had not intervened. The defendant and the victim entered into an altercation, and instead of removing herself from the situation, the defendant retrieved a knife and stabbed her. Thus, we conclude the trial court properly refused to consider mitigating factors (3) and (11).

**D. General Considerations**

The trial court held total confinement was necessary to deter others from committing similar offenses. In so holding the trial court noted that in the Third Judicial District, there is "an epidemic of violence to the person offenses," often involving alcohol. The defendant claims this was an inappropriate consideration.

A trial court may not deny alternative sentencing on the ground of deterrence, unless there is some evidence contained in the record that the sentence imposed will have a deterrent effect within the jurisdiction. State v. Grissom, 956 S.W.2d 514, 519 (Tenn. Crim. App. 1996). Our Supreme Court has held that "deterrence cannot be conclusory only but must be supported by proof." State v. Ashby, 823 S.W.2d 166, 170 (Tenn.1991).

In State v. Davis, 940 S.W.2d 558 (Tenn. 1997), our Supreme Court concluded the record adequately supported application of the deterrence factor. *Id.* at 560. However, the trial court had made specific findings in the context of a labor dispute in the local community. *Id.* We find Davis to be distinguishable.

This court has recently concluded, after a detailed analysis, that a trial court can take judicial notice, pursuant to Tenn. R. Evid. 201, of 300 indictments for drug-related offenses returned over a two-year period within the judicial district. State v. Jennifer Nunley, C.C.A. No. 01C01-9809-CC-00395, Coffee County (Tenn. Crim. App. filed July 9, 1999, at Nashville) *perm. to app. denied* (Tenn. 2000). We noted, however, many pertinent factors relating to deterrence are not reflected by the sheer number of indictments. Thus, we concluded that this alone did not establish an adequate basis for the trial court's determination that a need for deterrence existed. *Id. a*t * 5.

We reach the same conclusion in this case. Assuming the trial court can take judicial notice of the amount of crime within a jurisdiction, this does not *ipso facto* satisfy the deterrent factor. More specifically, the amount of crime itself within the district does not establish that "confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses," as required by Tenn. Code Ann. § 40-35-103(1)(B).

Even though we conclude the record was inadequate to support the deterrence factor, we conclude the record is otherwise adequate to support the denial of alternative sentencing. This court has previously held that a defendant's credibility and willingness to accept responsibility is germane to their rehabilitative potential. *See* State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). Furthermore, our Supreme Court has held that a defendant's refusal to accept culpability justifies a sentence of confinement in order to avoid depreciating the seriousness of the offense. *See* State v.

6

Gutierrez, 5 S.W.3d 641, 647 (Tenn. 1999).

In its oral findings, the trial court noted that the defendant seemed to show little remorse for her actions. There were two people injured in the instant case, and the defendant admitted that if Ramsey had not intervened, she likely would have killed Hammonds. As a result of the attack, Hammonds suffered permanent facial disfigurement. Additionally, the trial court noted the defendant abused alcohol and drugs and had a poor work history. The defendant was still under the legal drinking age when the current attacks occurred. She candidly testified that she continued to abuse alcohol, and stated that on the night in question she consumed twelve beers and two Xanax tablets. Furthermore, the defendant was previously placed on probation as a juvenile, and admitted violating her probation by committing an alcohol-related offense.

We conclude the trial court appropriately denied the defendant's request for an alternative sentence based upon the seriousness of the violent offense, the failure of past non-confinement measures to stop her criminal conduct, her refusal to accept culpability and her lack of potential for successful rehabilitation.

## CONCLUSION

We conclude the evidence was sufficient to sustain the defendant's conviction for aggravated assault. Furthermore, the trial court appropriately denied alternative sentencing. Thus, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JR., JUDGE

7