IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. DELANEY E. MARCUM

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-201-79     Donald P. Harris, Judge**

---

**No. M2001-02257-CCA-R3-CD - Filed July 18, 2002**

---

The Appellant, Delaney E. Marcum, appeals from the sentencing decision of the Williamson County Circuit Court. Marcum entered guilty pleas to one count of aggravated burglary, a class C felony, and one count of theft of property over $1,000.00, a class D felony. Under the terms of the agreement, Marcum received concurrent sentences of five years for aggravated burglary and four years for theft. Following a sentencing hearing, the trial court ordered that Marcum's sentences be served in the Department of Correction and, additionally, he was ordered to pay restitution on both counts. On appeal, Marcum contends that the trial court erred in (1) not sentencing him to probation or any other alternative to incarceration, and (2) ordering restitution in conjunction with total confinement. Finding no error, the judgment of the Williamson County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

John H. Henderson, District Public Defender, Franklin, Tennessee, for the Appellant, Delaney E. Marcum.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; Ronald L. Davis, District Attorney General; and Lee Dryer, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On December 27, 2000, the Appellant unlawfully entered the home of James and Deborah Lenahan in Brentwood, Tennessee. While inside the residence, the Appellant stole various items, including coin collections, socket wrenches, and three revolvers. On March 12, 2001, a Williamson

County Grand Jury indicted the Appellant for aggravated burglary and for theft of property over $10,000.00 but less than $60,000.00. The theft charge was later amended when the value of the missing property was determined to be less than $10,000.00. On May 14, 2001, in a negotiated plea agreement, the Appellant pled guilty to aggravated burglary and theft of property over $1,000.00 but less than $10,000.00. The Appellant, a Range I standard offender, received concurrent sentences of five years and four years respectively, and he was also ordered to pay restitution on both counts.

## ANALYSIS

### I. Total Confinement

The Appellant asserts that "[u]nder the facts and circumstances of the case, the trial court erred in ordering that the Defendant serve his concurrent sentences in counts 1 and 2 in the Department of Correction and not on probation or on any other alternative to incarceration." When the sentencing court properly considers the relevant sentencing considerations, this court conducts a *de novo* review with the presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169, (Tenn. 1991). Because the Appellant was convicted of class C and D felonies, he is entitled to the presumption that he is a favorable candidate for alternative sentencing. *See* Tenn. Code Ann.§ 40-35-102(6) (1997). We note, however, that "the determination of whether the Appellant is entitled to an alternative sentence and whether the Appellant is entitled to full probation are different inquiries." *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1996). Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption of evidence to the contrary. *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App.)*, perm. to appeal denied,* (Tenn. 1995), *overruled on other grounds, State v. Hooper,* 29 S.W.3d 1, 9 (Tenn. 2000). Conversely, the defendant has the burden of establishing his suitability for full probation, even if the defendant is entitled to the statutory presumption of alternative sentencing. *Id.; see Boggs*, 932 S.W.2d at 477.

When imposing a sentence of total confinement, the trial court should base its decision on the following considerations: (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1) (1997). Additionally, the potential or lack of potential for rehabilitation of a defendant should be considered in determining whether he or she should be granted an alternative sentence. Tenn. Code Ann. § 40-35-103(5).

Upon *de novo* review, we find that the Appellant falls into all three categories listed in Tenn. Code Ann. § 40-35-103(1). The Appellant has a long history of criminal conduct, including two misdemeanors, simple assault and escape from a work release program, and three felonies, assault with intent to commit robbery, passing worthless checks over $1,000.00, and possession of weapon

by a convicted felon. The Appellant also has an extensive juvenile record.[1] The Appellant was permitted into the Lenahans' home for business purposes. He violated this trust relationship. *See State v. Zeolia,* 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996) (permitting use of enhancing factor as relevant to § 40-35-103(1) considerations). Alternative sentencing would depreciate the seriousness of the Appellant's actions by reducing the severity of the crimes committed. Furthermore, measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the Appellant. Indeed, as previously noted, the Appellant was convicted of escape after being granted work release. The record amply supports the trial court's decision in denying all forms of alternative sentencing, including probation. This issue is without merit.

## II. Restitution

The Appellant, relying on *State v. Davis*, 940 S.W.2d 558, 562 (Tenn. 1997), contends that "[u]nder the facts and circumstances of the case, the trial court erred in ordering that the Defendant pay restitution in addition to a term in the Department of Correction." However, the Appellant's argument is misplaced because current law provides that an offender may be ordered to pay restitution in conjunction with a sentence of total confinement. *State v. John Clark Garrison*, No. E1999-00121-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Nov. 6, 2000), *perm. to appeal denied*, (Tenn. 2001). Tennessee Code Annotated § 40-35-104(c) provides:

> (c) The following sentencing alternatives in any appropriate combination are authorized for defendants otherwise eligible under this chapter:
> . . .
>
> > (2) Payment of restitution to the victim or victims either alone or in addition to any other sentence authorized by this subsection; [or]
> > . . .
> >
> > (6) A sentence of continuous confinement to be served in a local jail or workhouse. . . .

After enactment of this statute on July 1, 1996, the Appellant can clearly be ordered to pay restitution in conjunction with a sentence of total confinement. Accordingly, we find that this issue is without merit and affirm the judgment of the trial court.

---

[1]Although the plea agreement provided the Appellant was to be sentenced as a standard offender, the presentence report reflects that the Appellant qualified for sentencing as a multiple offender and, in fact, was previously sentenced as such by the Davidson County Criminal Court.

**CONCLUSION**

Based upon the foregoing reasons, we find that the trial court did not err in ordering total confinement and restitution. The judgment of the Williamson County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE