IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

APRIL SESSION, 1999

**FILED**

June 2, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | C.C.A. NO. 01C01-9811-CC-00437 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MARION COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. CURTIS SMITH,** |
| **SHERRY JENNO,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF MARION COUNTY

FOR THE APPELLANT:

PHILIP A. CONDRA
District Public Defender
P.O. Box 220
200 Betsy Pack Drive
Jasper, TN 37347

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

J. MICHAEL TAYLOR
District Attorney General
First American Bank Building
Suite 300
Dayton, TN 37321

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Sherry Jenno, appeals from the trial court's determination of the manner of service of her sentence and other sentencing conditions. On April 8, 1998, Defendant pleaded nolo contendere to arson, a class C felony. The agreed sentence was four years, with the manner of service of the sentence left to the discretion of the trial judge. The trial judge ordered one year to be served in the county jail, with the balance to be served on probation, and also awarded restitution. The Defendant appeals from the sentencing order. We affirm.

The events leading to Defendant's conviction appear to have begun when the victims, Mr. and Mrs. David Whited, purchased a parcel of land from Defendant's father. According to the record, Defendant's family refused to permit a survey of the parcel, which adjoined their property, prior to the sale. The two families feuded over the property line after the sale, and Defendant warned the victims weeks prior to the arson that her father wished to hire someone to burn the home the victims had built on the lot. On October 6, 1996, the victims' home burned, and investigators determined that the fire was caused intentionally.

At the plea hearing, the assistant district attorney general attested that, had this case been tried, the State would have presented evidence that Defendant's daughter saw Defendant give Sam McMurry $500 to burn the victims' residence. Furthermore, McMurry had already pleaded guilty on charges arising from this incident, and he had agreed to testify for the State that Defendant gave him $500

to burn the victims' residence and that he did commit that arson. After this information was presented, Defendant pleaded nolo contendere to arson for the recommended sentence of four years, with the manner of service left to the discretion of the trial court.

Following a sentencing hearing, the trial judge sentenced Defendant to four years, with the first year to be served in confinement in the county jail and the remaining three years to be served on probation. Furthermore, the court ordered that Defendant's case would be reviewed after four months in confinement; and upon an appropriate finding, she could be probated at that time. Finally, the judge ordered Defendant to pay $50,000 restitution to the victims, but he declined to order any schedule of periodic payments.

Specifically, Defendant argues that the sentence ordered by the trial court, involving a maximum of one year in confinement, does not comport with sentencing purposes and considerations. In addition, she contends that restitution was imposed without consideration of the criteria contained in Tennessee Code Annotated § 40-35-304. We affirm the trial court's determination of the manner of service of Defendant's sentence and conditions imposed thereon.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and

all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Based upon our review of the record, we are satisfied that the trial court properly applied the sentencing principles and considerations. After the trial judge heard all evidence presented at the sentencing hearing, he stated,

> I believe the first determination for me is whether Mrs. Jenno is entitled to the statutory presumption for alternative sentencing. The statutes that apply [are] TCA 40-35-102 (5) and (6) in order to be eligible for the statutory presumption of alternative sentencing and when I say alternative sentencing that's something other than

-4-

a sentence to the Department of Corrections. Three requirements must be met. First, the defendant must be convicted of a Class C, D, or E felony, this is a C felony.

Second, the defendant must be a standard offender, and she is, and thirdly, the defendant must not fall within the parameters of 40-35-102 (5), which has reference to certain felonies, and this is not one of those enumerated felonies.

So generally speaking in order to benefit from the presumption a defendant cannot have a criminal history evincing either a clear disregard for the laws and morals of society, she has no criminal history. Or a failure of past efforts at rehabilitation. Of course, that does not apply.

So here we have a defendant who is a Class C or has plead [sic] to a Class C felony so she's entitled to the—under the law the statutory presumption for alternative sentencing.

The trial court continued, stating,

The presumption may be rebutted by evidence to the contrary, which is [sic] the words of art from TCA 40-35-102 (6). Evidence to the contrary may include the following sentencing considerations which are codified in 40-35-103. Sentencing involves Number (1) sentences involving confinement should be based on the following considerations: Number (1) confinement necessary to protect society by restraining a defendant who has a long history of criminal conduct[.] Secondly, confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit serious offenses; or thirdly, measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

The Court may also apply the mitigating and enhancing factors set forth in 40-35-113 and 114 as they are relevant to 40-35-103 considerations. Finally, the potential or lack of potential for rehabilitation of the defendant should be considered in determining whether that defendant should be granted an alternative sentence.

There is no proof in the record about deterrence. That is whether sentencing to confinement would result in deterrence, so I can't consider that one.[1]

. . .

However, 40-35-103 (1) (B) confinement necessary to avoid depreciating the seriousness of the offense. In order to deny an alternative sentence based on the seriousness of the offense, . . .

---

[1] Upon the State's urging that the trial court could consider whether others likely to commit a similar offense would be deterred by the confinement of Defendant, the trial court responded that State v. Zeolia, 928 S.W.2d 457 (Tenn. Crim. App. 1996), mandates that before a trial court may deny alternative sentencing on the basis of deterrence, evidence in the record must support a need within the jurisdiction to deter individuals other than the defendant from committing similar crimes. The trial judge concluded that because he found no evidence in the record to support the need for deterrence, he could not properly consider it as a factor to deny alternative sentencing.

the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree that the nature of the offense must outweigh all factors favoring a sentence other than confinement.

Then the [Zeolia] Court goes on to say the extent of the victim's financial losses can be considered, it was considered in Zeolia. The Court also says that in this aspect a Court is not required to ignore that conduct as it relates to the evaluation of other sentencing factors.

I think the proof clearly shows here that the victims have suffered substantial financial losses, even assuming that they have some success in recovering anything by virtue of a law suit. The proof clearly shows that they have suffered and will suffer substantial financial losses as a result of the fire which goes to what I just mentioned, that is depreciating the seriousness of the offense.

Given that analysis of the law and the facts that I have I think the factor as it relates to depreciating the seriousness of the offense and the financial losses the victims have suffered is one—is a factor that bears considerable weight.

As the trial court noted, Defendant was entitled to a presumption of some form of alternative sentence. The trial court ordered a form of alternative sentencing—split confinement. Because he found that a sentence of total probation would depreciate the seriousness of the offense, the judge ordered that four to twelve months be served in confinement.

We are convinced both that the trial court's determination deserves the presumption of correctness by this Court and that the evidence contained in the record does not overcome that presumption. This issue lacks merit, and the manner of service of Defendant's sentence is affirmed.

Next, we review the trial court's order of $50,000 restitution. When ordering Defendant to pay $50,000 restitution, the trial court stated,

In setting the amount of restitution it's a difficult situation. It's a situation where we have a woman[] that committed or been [sic]

part and parcel of committing just a grievous crime, it's hard to think of much in the arson line that's worse than being part and parcel of burning someone's home. It's really quite a despicable act for Mrs. Jenno's standpoint. I—if the law allowed incarceration in the Department of Corrections that's where I would send her, but I think under the law and under the facts I've sentenced her to what is appropriate under the 1989 law.

. . .

I'm making a specific finding that the damages were more than [$50,000]. I'm setting the restitution at that amount based on the facts of this case.

. . .

I think [Defendant] possesses the present ability to pay some restitution. I think—there's been no testimony that she's physically unsound. Apparently she's chosen not to work for whatever reasons. She's apparently skilled enough to work in a gas station. She could remain permanently employed in a gas station, so I think she has the ability to pay the restitution that I've ordered, assuming that she will work.

The judgment entered in this case sets restitution in the amount of $50,000 but does not specifically state that restitution is being set as a condition for probation. See Tenn. Code Ann. § 40-35-304(a). If restitution is set as a condition of probation, the statute requires the trial court to specify at the time of the sentencing hearing the "amount and time of payment" of restitution. Tenn. Code Ann. § 40-35-304(c). The court may permit payment in installments but may not establish a payment schedule extending beyond the statutory maximum term of probation that could have been imposed for the offense. Id. In determining the amount and method of payment, the court is required to consider the financial resources and future ability of the defendant to pay. Tenn. Code Ann. § 40-35-304(d).

Prior to July 1, 1996, our law allowed restitution to be ordered only as a condition for probation, and thus, restitution was not authorized in conjunction with a sentence of total incarceration. See State v. Davis, 940 S.W.2d 558, 561-

62 (Tenn. 1997). Effective July 1, 1996, the legislature authorized ordering restitution to the victim or victims either alone or in conjunction with any other sentence authorized by law. Tenn. Code Ann. § 40-35-104(c)(2). In such a case, the legislature has mandated that the procedure for a defendant sentenced to pay restitution shall be the same as when the restitution is ordered as a condition of probation. Tenn. Code Ann. § 40-35-304(g). However, a defendant's responsibility to pay restitution shall not extend beyond the expiration of the sentence imposed by the court. Tenn. Code Ann. § 40-35-304(g)(2).

In the case at bar, the Court did not establish a payment schedule in conjunction with Defendant's term of probation. It is clear from this record that Defendant was not expected to be able to pay $50,000 in lump sum. At the sentencing hearing, the assistant district attorney, the public defender and the trial judge discussed at length Defendant's financial situation and, especially in view of her pending incarceration for at least four months, her inability to make any regular payments of restitution until such time as she became employed. Because Defendant was not ordered to make regularly scheduled payments, it is doubtful that her probation could be violated for failure to comply with the order of restitution.

From our review of the record we conclude that the evidence presented supports the trial judge's finding that the pecuniary loss of the victim exceeded $50,000. In setting the restitution at $50,000, the trial judge stated that he was doing so in consideration of the financial resources and future ability of Defendant to pay. See Tenn. Code Ann. § 40-35-304(d). Whether Defendant will have the actual ability to pay $50,000 during her four-year sentence is

doubtful, but remains to be seen. We are unable to conclude that the trial judge erred or abused his discretion when he set restitution in this case at $50,000. This issue is without merit.

We conclude that the trial court properly sentenced Defendant to a term of four years split confinement, with up to one year to be served in the county jail and the remainder to be served on probation. We further find that the trial court considered all relevant factors and appropriately ordered Defendant to pay $50,000 restitution to the victims. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE