# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 22, 2012

## STATE OF TENNESSEE v. BILLY McFARLAND

### Appeal from the Circuit Court for Franklin County
### No. 19499     Buddy D. Perry, Judge

---

### No. M2011-01093-CCA-R3-CD - Filed July 13, 2013

---

The Defendant, Billy McFarland, pled guilty to one count of failure to timely report as a violent sexual offender, a Class E felony. See Tenn. Code Ann. §§ 40-39-204(b), -208. Following a sentencing hearing, the trial court imposed a two-year sentence to be served in confinement. In this appeal as of right, the Defendant contends that the trial court erred by denying his request for an alternative sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JEFFREY S. BIVINS, JJ., joined.

Philip A. Condra, District Public Defender; Vanessa D. King, Assistant Public Defender (at plea submission hearing); and Robert G. Morgan, Assistant Public Defender (at sentencing hearing and on appeal), for the appellant, Billy McFarland.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; James Michael Taylor, District Attorney General; Steven M. Blount and William Bobo Copeland, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

During the course of a burglary on November 19, 1984, the Defendant beat and brutally raped a woman while his co-defendant threatened her with a knife. See State v. Billy Joe McFarland, No. 85-157-III, 1986 WL 6563 (Tenn. Crim. App. June 10, 1986), perm. app. denied, (Tenn. Sept. 29, 1986). When he was finished, the Defendant struck the victim and knocked her down a set of stairs and into the basement of her home. Id. The victim hid in the basement with her then four-year-old daughter, who had been in the basement during the

entire attack on her mother, until the attackers left the house. Id. The Defendant was subsequently convicted of second-degree burglary, robbery, and aggravated rape and was sentenced to thirty years. Id. The Defendant was released from the Tennessee Department of Correction (TDOC) on July 14, 2006.

Upon his release from prison, the Defendant was classified as a violent sexual offender. See Tenn. Code Ann. § 40-39-202(29), (30). Pursuant to Tennessee Code Annotated section 40-39-204(b)(1), violent sexual offenders are required to report to a "designated law enforcement agency" each March, June, September, and December to verify the accuracy of the information on their registration form and to update their fingerprints, palm prints, and photograph. On March 26, 2009, the Defendant was convicted of failing to timely report as a violent sexual offender and received a two-year sentence. The Defendant was ordered to serve thirty days in confinement with the remainder of the sentence to be served on probation. The Defendant's probation for this offense was revoked on July 29, 2010, based upon the Defendant having been convicted for a new offense, driving on a revoked license.

On November 1, 2010, the Defendant was indicted for two counts of failure to timely report as a violent sexual offender. The indictment alleged that the Defendant failed to report to the appropriate designated law enforcement agency in June and September of that year. On December 16, 2010, the Defendant entered a guilty plea to one count of failure to timely report as a violent sexual offender with the sentence to be determined by the trial court. At the plea submission hearing, the State asserted that if the case had gone to trial, it would have presented the testimony of the Defendant's probation officer along with employees of the Tennessee Bureau of Investigation. The State asserted that the Defendant failed "to report in June, as he is required." The State also asserted that it "could also show that he failed to report at [an] additional required time" and that "both of these would at least constitute one violation of properly registering as a sex offender."

At the sentencing hearing, the Defendant testified that he understood what he was required to do as a registered violent sexual offender and that "it finally done sunk in" that he had to comply with the requirements of the sexual offender reporting laws. When asked why he did not report in September 2010, the Defendant responded that his grandmother "was in the hospital having surgery, and [he] did call to let [the probation officer] know that, but [he] didn't get any answer." When asked what he would do "under those same circumstances today," the Defendant replied that he would "probably do it again, considering that's [his] grandmother." The Defendant offered no explanation for why he had failed to report on other occasions. The Defendant admitted on cross-examination that he "understood" what was required of him under the sexual offender reporting laws "the last time [he] got convicted of not complying with the sex offender registry."

Defense counsel noted that Tennessee Code Annotated section 40-39-208(d) mandated that a "second violation" of the sexual offender reporting laws was punishable by "imprisonment for not less than one hundred eighty (180) days." The Defendant requested that his sentence for the remainder of his term be served on some form of alternative sentence. The trial court stated that it did not think there was a difference if it ordered the full sentence to be served in confinement or not because the Defendant had to serve the 180-day minimum sentence and TDOC would likely "release him under their policy in 180 days or less." The trial court also noted that the Defendant received the maximum two-year sentence for his first violation of the sexual offender reporting laws and that the Defendant "had to serve that sentence, and then he [got] out and [did] it again." The trial court opined that "[m]aybe things didn't click" for the Defendant. The trial court concluded by stating as follows:

> I understand [defense counsel's] position, but I think this is a case where I impose the two-year sentence TDOC, and then the folks that are in the position to make those determinations as to release can make those decisions. I'm imposing the two-year sentence, and he'll be in the custody of the sheriff.

## ANALYSIS

The Defendant contends that the trial court "failed to comply with the 1989 Sentencing Reform Act when it denied the Defendant's request for an alternative sentence."[1] The State responds that the trial court considered "the proper sentencing principles [and] any relevant facts or circumstances." The State further responds that the Defendant failed "to suggest any reasonable justification for alternative sentencing in this case."

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). As the Sentencing Commission Comments to this section note, on appeal the burden is on the Defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991); see also State v. Carter, 254 S.W.3d 335 (Tenn. 2008).

Generally, a standard offender convicted of a Class C, D, or E felony is considered as a favorable candidate for alternative sentencing "in the absence of evidence to the

---

[1]The Defendant does not challenge the trial court's decision as to the length of his sentence in this appeal.

contrary." Tenn. Code Ann. §40-35-102(6)(A). However, "a defendant who is being sentenced for a third or subsequent felony conviction involving separate periods of incarceration or supervision shall not be considered a favorable candidate for alternative sentencing." Id. This was the Defendant's third felony conviction involving separate periods of incarceration or supervision; therefore, the Defendant was not to be considered as a favorable candidate for alternative sentencing. Additionally, no criminal defendant is automatically entitled to an alternative sentence as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). The defendant has the burden of establishing his or her suitability for an alternative sentence. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). The defendant must demonstrate that an alternative sentence will "subserve the ends of justice and the best interests of both the public and the defendant." Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds, State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000).

In determining any defendant's suitability for alternative sentencing, the trial court should consider whether

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). A trial court should also consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code. Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4).

We begin by noting that the trial court failed to conduct an analysis of this issue utilizing the relevant factors regarding alternative sentencing. While the trial court expressed its concern for the Defendant's recidivism, the trial court ultimately left the determination of the manner of service for the Defendant's sentence to TDOC. Accordingly, we will

review the trial court's decision to deny the Defendant an alternative sentence de novo with no presumption of correctness.

Examining the alternative sentencing factors discussed above, we note that the Defendant has a long history of criminal conduct and that measures less restrictive than confinement have recently been applied unsuccessfully to the Defendant. The Defendant was convicted in 1985 of aggravated rape, second-degree burglary, and robbery. Since his release in 2006, the Defendant has been convicted of two felonies and one misdemeanor. Additionally, the Defendant's probation for his 2009 conviction of failing to timely report as a violent sexual offender was revoked just four months after his conviction. The Defendant's repeated violations of the sexual offender reporting laws and his flippant attitude at the sentencing hearing towards the collateral consequences of his heinous and violent sexual offense belie his potential for rehabilitation. We agree with the State's assertion that the Defendant failed "to suggest any reasonable justification for alternative sentencing in this case." Accordingly, we affirm the trial court's denial of the Defendant's request to be released to an alternative sentence after serving the mandatory 180 days in confinement.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE