FILED

05/14/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2020

## STATE OF TENNESSEE v. MICHAEL WAYMAN

**Appeal from the Criminal Court for Union County**
No. 5283      E. Shayne Sexton, Judge

_____

### No. E2019-01357-CCA-R3-CD

_____

The defendant, Michael Wayman, pleaded guilty to sale of a Schedule II controlled substance (Count 1) and delivery of a Schedule II controlled substance (Count 2). The trial court merged the two counts and imposed a sentence of nine years' incarceration. On appeal, the defendant argues the trial court erroneously denied his request for alternative sentencing. Following our review, we affirm the judgements of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Darlene M. Walker, Knoxville, Tennessee (on appeal) and Brandon T. Kibert, Tazewell, Tennessee (at trial), for the appellant, Michael Shane Wayman.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Tyler Hurst, District Attorney General; and Ronald Laffitte, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts*

On March 22, 2017, a Union County grand jury indicted the defendant for one count of sale of Oxymorphone and one count of delivery of Oxymorphone, a Schedule II controlled substance. The defendant subsequently pleaded guilty to both counts with sentencing to be determined by the trial court. A sentencing hearing was held on September 16, 2019.

During the sentencing hearing, the State introduced the presentence report, and the defendant testified on his own behalf. The defendant testified he committed the offenses to provide for his family. He claimed he suffered from various health problems which prevented him from working. The defendant had previously received disability benefits, but he lost his benefits when he was incarcerated for a prior offense. According to the defendant, he became addicted to prescription medicine after having back surgery. The defendant admitted his addiction had been ongoing for three to four years. He stated he would commit himself to a rehabilitation facility if he were given probation instead of a sentence in confinement.

On cross-examination, the defendant admitted he was on bond for three different cases for selling narcotics when he was arrested and charged in this case. He also admitted he used heroin the night before meeting with probation officers on May 12, 2019, to complete his presentence investigation report. He claimed the heroin helped with the pain he suffered as a result of his health issues. The defendant acknowledged he had a prior criminal record, but when asked whether he had eighteen prior convictions, he stated he could not recall due to "mental problems." The defendant admitted he had previously violated his probation but could not recall if he had done so more than once. On re-direct examination, the defendant claimed that he had "wisened (sic) up" and that he would change his "way of life."

In sentencing the defendant, the trial court considered the evidence presented at the sentencing hearing, including the presentence report and the defendant's testimony regarding his health problems. In assessing the applicable enhancement factors, the trial court found two enhancement factors applied to the defendant -- the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range and the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(1), (8). The trial court also applied mitigating factor (1), the defendant's criminal conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). Prior to imposing a sentence, the trial court recessed and ordered the defendant to undergo a drug screen. The results of the screen showed the defendant tested positive for amphetamines, methadone, and methamphetamine. Based upon all the evidence, the trial court concluded the defendant was not a suitable candidate for alternative sentencing. In support of its decision, the trial court noted that the defendant had been unemployed for almost twenty years, during which time he committed several criminal offenses, "dedicated himself to a life of impairment," and failed to take advantage of previous probation opportunities. The trial court also considered the defendant's positive drug screen on the day of the sentencing hearing. Therefore, the trial court denied the defendant's request for alternative sentencing and

sentenced the defendant to nine years' incarceration at thirty-five percent release eligibility. This timely appeal followed.

## *Analysis*

On appeal, the defendant argues the trial court erred in denying the defendant's request for alternative sentencing. The State contends the trial court properly ordered the defendant to serve his sentence in confinement. We agree with the State.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See id.* §§ 40-35-114, -210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e).

When an accused challenges the length and manner of service of a sentence, this Court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

The 2005 revised sentencing statutes advise that a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). No criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant bears the burden of proving his or her suitability for alternative sentencing options. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b)). The defendant must show that the alternative sentencing option imposed "will subserve the ends of justice and the best interest of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), *overruled on other grounds*, *State v. Hooper*, 29 S.W.3d 11, 9-10 (Tenn. 2000).

Before imposing a sentence of full confinement, the trial court should consider whether "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;" "[c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses;" or "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]" Tenn. Code Ann. § 40-35-103(1)(A)-(C).

The trial court denied the defendant's request for alternative sentencing based, in part, upon the defendant's criminal history spanning more than twenty years and the defendant's previous probation violations. *See id.* § 40-35-103(1)(A), (C). The presentence report reflects a multitude of felony and misdemeanor offenses beginning in 1994, including, but not limited to, several drug-related offenses. The record also reflects two probation violations, one in 1999 and another in 2011. Moreover, a drug screen conducted on the date of the defendant's sentencing hearing revealed the defendant attended the hearing with multiple controlled substances in his system. Based on the foregoing, the trial court was within its discretion in denying the defendant's request for an alternative sentence. Additionally, the record reflects the trial court properly considered the relevant purposes and principles of the sentencing statutes and imposed a sentence within the applicable range for the defendant's Class C felony offense. Accordingly, we affirm the denial of alternative sentencing and the defendant's sentence of nine years' incarceration. The defendant is not entitled to relief.

***Conclusion***

- 4 -

Based on the foregoing authorities and reasoning, the judgments of the trial court are affirmed.

_____
J. ROSS DYER, JUDGE