FILED

07/30/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 12, 2020

## STATE OF TENNESSEE v. KURK MITCHELL SLATER

**Appeal from the Circuit Court for Lawrence County**
**No. 35364     Stella L. Hargrove, Judge**

_____

**No. M2019-01019-CCA-R3-CD**

_____

Defendant, Kurk Mitchell Slater, was indicted by a Lawrence County Grand Jury on eight counts: Count 1, attempted aggravated kidnapping; Count 2, attempted rape; Count 3, aggravated assault; Count 4, assault; Count 5, aggravated burglary; Count 6, vandalism under $1000; Count 7, reckless endangerment; and Count 8, assault. Defendant pled guilty to Counts 1, 3, and 5. The remaining counts were nolled pursuant to the plea agreement. Defendant agreed that he would be sentenced as a Range I, standard offender, at a separate sentencing hearing. The trial court sentenced Defendant to five years for each count, with partial consecutive alignment, for a total effective sentence of ten years incarceration. Defendant timely appeals the consecutive sentencing and the trial court's denial of alternative sentencing. After a review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

Brandon E. White (on appeal), Columbia, Tennessee, and Mike Harris (at trial), Pulaski, Tennessee, for the appellant, Kurk Mitchell Slater.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Gary Howell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

According to the presentence report, on August 11, 2018, the victim, K.D.[1], took her morning walk around her neighborhood. Defendant blocked the victim's path, made vulgar statements, threatened to sexually assault her, and threatened to throw her off a bridge. The victim eluded Defendant and ran to the nearest house. The victim entered the house through an unlocked door and used the deadbolt to lock the door behind her. While the victim looked for a place to hide as she attempted to call her husband, Defendant broke through the rear door of the house. The victim exited the house by the front door and ran toward her house. She was met outside by her husband and son.

The house that the victim and Defendant entered belonged to Darrell and Evelyn Tucker. The Tuckers were outside their home during the incident. Mr. Tucker confronted Defendant inside the house, and Defendant punched him in the throat. As Defendant ran into a bedroom, Mr. Tucker obtained his gun and warned Defendant that he was armed. Defendant told Mr. Tucker that he was going to kill him because he was a "nark." Defendant exited the bedroom with a ceramic tile and hit Mr. Tucker with the tile. The tile injured Mr. Tucker by causing nerve damage to his left arm. Mr. Tucker pulled the trigger on his gun, but it did not fire. As Defendant attempted to flee, he knocked Mrs. Tucker to the floor. Defendant exited the home and was subdued by the victim's husband and son until the police arrived.

The presentence report and the victims' statements were admitted as evidence during Defendant's sentencing hearing.[2] Defendant stipulated to the facts contained in the report. Probation Officer Eugene Flinn testified about information he compiled while completing the presentence report. Specifically, Officer Flinn testified about Defendant's criminal history, which included theft, DUI, unlawful drug paraphernalia, prior drug use, failure to appear, and numerous traffic violations. Officer Flinn placed Defendant in the moderate risk category after Defendant took a "Strong R" risk/needs assessment, which meant that Defendant would report to a probation officer once every two or three months if Defendant were placed on probation.

Without being subject to cross examination, Defendant made an allocution statement to the victim and Mr. Tucker apologizing "for everything that happened that day." When asked for his personal statement in the presentence report, Defendant wrote "I can't think of anything." Defendant asked the trial court to consider split confinement or community corrections as an alternative sentence based on the moderate risk finding in the presentence report. The State submitted that several enhancement factors applied, and Defendant offered no mitigating factors.

---

[1] It is the policy of this Court to protect the identity of victims of sexual assault.
[2] Defendant did not include the plea hearing transcript in the record.

- 2 -

The trial court applied several enhancement factors and gave them "great weight" and applied no mitigating factors. The trial court found that due to Defendant's extensive criminal history and his inability to complete probation twice, Defendant was not "reasonably expected to abide by the terms of probation." The trial court was concerned about the seriousness of these crimes, and determined it was in the best interest of society to protect it from possible future conduct of Defendant. The trial court concluded that confinement was necessary and denied alternative sentencing. The trial court sentenced Defendant to five years for each of the three counts. The trial court found that Defendant "is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." The trial court ordered that Counts 1 and 3 were to be served consecutively to each other, and Count 5 was to be served concurrently to Count 1 for a total effective sentence of ten years. With regard to consecutive sentencing, the trial court found Defendant was a dangerous offender whose behavior indicates little or no regard for human life. The trial court further ordered that Defendant pay restitution of $1000.

It is from this sentence that Defendant now timely appeals.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion when it ordered the sentences for Counts 1 and 3 to run consecutively. Defendant further argues that the trial court abused its discretion in denying Defendant's request for alternative sentencing. The State argues that the Defendant's ten-year sentence in confinement is presumptively reasonable and that the trial court did not abuse its discretion. With succinct scrutiny, we agree with the State.

When a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This deferential standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. *See* T.C.A § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4). The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709.

## I. Consecutive Sentence

In *State v. Pollard*, 432 S.W.3d 851 (Tenn. 2013), the Tennessee Supreme Court expanded its holding in *Bise* to also apply to decisions by trial courts regarding consecutive sentencing. *Id.* at 859. This Court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *Id.* at 861. "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." *Id.* at 862 (citing *State v. Dickson*, 413 S.W.3d 735 (Tenn. 2013)).

As relevant to this case, the trial court found that Defendant "is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." T.C.A. 40-35-115(b)(4). The trial court discussed the factors in *State v. Wilkerson*, and found that "[a]n extended sentence is necessary to protect society against further criminal conduct of [Defendant] and consecutive sentencing is reasonably related to the severity of the offenses committed." 905 S.W.2d 933, 938 (Tenn. 1995). The record reflects that the trial court engaged in a careful consideration of the facts and the law. Defendant has failed to show that the trial court abused its discretion in applying the consecutive sentencing factors. Defendant is not entitled to relief.

## II. Alternative Sentencing

A defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a). Moreover, a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. *See* T.C.A. § 40-35-102(6). Defendant was convicted of three Class C felonies and was sentenced to an effective sentence of ten years. Defendant was eligible for probation based on the length of his sentence and the fact that he was a standard offender.

Although the trial court is required to automatically consider probation as a sentencing option, *see* Tennessee Code Annotated section 40-35-303(b), no criminal defendant is automatically entitled to probation as a matter of law, *see State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). It is the defendant's burden to establish his or her suitability for full probation. *See Carter*, 254 S.W.3d at 347 (citing T.C.A. § 40-35-303(b)). The defendant must demonstrate that probation will "subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds, *State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations, which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See also State v. Zeolia*, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. T.C.A. § 40-35-102(5). Our supreme court has specifically held

that the abuse of discretion standard, with a presumption of reasonableness, also applies to a review of a denial of alternative sentencing. *Caudle*, 388 S.W.3d at 278-79.

Again, the trial court found that confinement was necessary to protect society. Further, the trial court found that Defendant had an extensive criminal history and twice failed to complete a sentence on probation. Once again, the record reflects that the trial court engaged in a careful consideration of the facts and the law. The trial court did not abuse its discretion in denying an alternative sentence. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE