IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 2, 2021

**STATE OF TENNESSEE v. JOHN INGRAM**

**Appeal from the Circuit Court for Madison County**
**No. 19-737   Donald H. Allen, Judge**

_____

**No. W2020-00423-CCA-R3-CD**

_____

John Ingram, Defendant, pled guilty to several offenses including one count of aggravated burglary, one count of aggravated assault, and one count of domestic assault, with a total effective sentence of seven years, as a Range II offender.  The trial court was to determine the manner of service of the sentence after a sentencing hearing.  Following the hearing, the trial court denied alternative sentencing, concluding that Defendant's prior criminal history and failed attempts at conditions involving release into the community rendered him an unfavorable candidate for an alternative sentence.  Defendant appeals, arguing that the trial court abused its discretion.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

George Morton Googe, Public Defender; Gregory D. Gookin, Assistant Public Defender, for the appellant, John Ingram.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody Pickens, District Attorney General; and Joshua B. Dougan, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted by the Madison County Grand Jury in August of 2019 for one count of aggravated burglary, one count of aggravated assault, and one count of

domestic assault. He pled guilty to the charges as presented in the indictment in exchange for a concurrent seven-year sentence, within Range II, for both aggravated burglary and aggravated assault. Additionally, Defendant agreed to a sentence of eleven months and twenty-nine days for domestic assault, to be served concurrently, for a total effective sentence of seven years. The manner of service of the sentence was left to the discretion of the trial court.

At the guilty plea acceptance hearing, the State indicated that, had the case gone to trial, the State would have proven:

> Just after midnight on the morning of May the 21st, [Defendant] showed up at 212 South Fairgrounds Street here in Jackson. He forced entry into that apartment and initiated a fight with Mr. [James] Glenn. He struck Mr. Glenn in the face several times and ended up kicking him in the face. He caused some pretty significant injury and Mr. Glenn was transported to the hospital [with a broken jaw]. He also struck Ms. [Eunice] Phillips [his ex-girlfriend] in the side of the head with a closed fist. That's where the domestic assault comes from. He attempted to flee the scene and was apprehended at the scene shortly there afterwards.

Defendant informed the trial court he was intoxicated on methamphetamine and cocaine and could only "remember bits and pieces of" the incident. Defendant agreed that the State's version of the events was "substantially correct." Defense counsel indicated that Defendant had a "substance abuse problem" and wanted to seek probation so that he could participate in a treatment program. The trial court accepted the plea and set the matter for a sentencing hearing.

At the subsequent sentencing hearing, Defendant presented the trial court with a letter from Warrior's Treatment Center. According to the transcript of the sentencing hearing, the letter indicated that the center was willing to accept Defendant into their long-term treatment program.[1] Counsel for Defendant also indicated that Defendant wrote a letter to the trial court detailing his attempts at recovery.[2] There was no additional testimony at the sentencing hearing.

The trial court considered the evidence presented at the guilty plea hearing, the presentence report, and the evidence presented at the sentencing hearing, as well as the principles of sentencing and the available sentencing alternatives. The presentence report detailed Defendant's extensive criminal history, including four prior felony convictions,

---

[1] This letter does not appear in the technical record.
[2] Again, this letter does not appear in the technical record.

19 prior misdemeanor convictions and various "disciplinaries while in the Department of Correction." The trial court noted that this was a "very serious matter" and that Defendant was intoxicated at the time of the offense. The trial court considered Defendant's handwritten letter in determining "his potential for rehabilitation and also . . . his potential for treatment and request for treatment. . . ." The trial court found, in enhancement, that Defendant had a previous history of criminal convictions or criminal behavior in addition to what is necessary to establish the appropriate range. The trial court noted that several of Defendant's prior convictions were "very violent offenses, offenses against persons that involve assault or even more violent offenses." The trial court also took Defendant's "prior drug usage" and prior failed attempts at treatment into account, including information from a program at Pathway's indicating Defendant failed to report for scheduled appointments and counseling sessions. The trial court gave Defendant's "very lengthy severe alcohol and drug history . . . great weight." The trial court also pointed out that Defendant had previously failed to comply with the conditions of a sentence involving release into the community, pointing to "eight or nine occasions when he's put on probation and while on probation he goes out and commits new offenses." The trial court recalled that the risk and needs assessment indicated "high for the likelihood of violence." The only mitigating factor noted by the trial court was Defendant's guilty plea which indicated that he accepted responsibility for his actions.

The trial court stated that Defendant had previously completed a treatment program at the Jack Gean Shelter but then relapsed. The trial court commented that Defendant "had opportunities in the past to get into some kind of long-term treatment program . . . but for whatever reason he's never followed through with any desire to complete treatment." The trial court acknowledged Defendant's diagnoses of bipolar disorder, schizophrenia, and depression with suicidal tendencies.

Based on the proof at the sentencing hearing, the trial court denied alternative sentencing and ordered Defendant to serve his felony sentences in the Tennessee Department of Correction and his sentence for domestic assault in the local county jail. The trial court did not feel that long-term treatment "would be appropriate" based on Defendant's "recent drug usage and based upon his inability to follow the rules of probation." The trial court specifically stated that Defendant was "just not a good candidate for probation or alternative sentencing" because "measures less restrictive than confinement have frequently been applied to this [D]efendant without success" and that a sentence of probation "would unduly depreciate the seriousness of these offenses especially in light of that long violent history."

Defendant appealed.

*Analysis*

- 3 -

On appeal, Defendant insists that the trial court erred by denying any form of alternative sentencing. Specifically, he argues that he accepted responsibility for his actions, had been in custody for eight months during the pendency of the case, and had a "strong desire" to participate in long-term treatment program. The State disagrees.

When a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This deferential standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

A defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* T.C.A. § 40-35-303(a). Moreover, a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. *See* T.C.A. § 40-35-102(6). In this case, Defendant was eligible, but not considered a favorable candidate for alternative sentencing because he was sentenced to ten years or less but was not an especially mitigated or standard offender. Both parties acknowledged that Defendant was a Range II offender.

Although the trial court is required to automatically consider probation as a sentencing option, *see* Tennessee Code Annotated section 40-35-303(b), no criminal defendant is automatically entitled to probation as a matter of law, *see State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). It is the defendant's burden to establish his or her suitability for full probation. *State v. Carter*, 254 S.W.3d 334, 347 (Tenn. 2008) (citing T.C.A. § 40-35-303(b)). The defendant must demonstrate that probation will "subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), overruled on other grounds, *State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000). Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). Tennessee Code

Annotated section 40-35-103(1) sets forth the following sentencing considerations, which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

*See also State v. Zeolia*, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. T.C.A. § 40-35-102(5). Our supreme court has specifically held that the abuse of discretion standard, with a presumption of reasonableness, also applies to a review of a denial of alternative sentencing. *Caudle*, 388 S.W.3d at 278-79.

Here, the trial court found Defendant had many prior offenses and several violations of probation. The record reflects that the trial court properly engaged in a careful and detailed consideration of the facts and the law. The trial court did not abuse its discretion in denying an alternative sentence. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE